IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LINDA BALDWIN § | |
| § | |
| V. § | 16-CV-604 RP |
| § | |
| EXTENDED STAY AMERICA CO., § | |
| HVM L.L.C. § | |

<u>**ORDER ON *IN FORMA PAUPERIS* STATUS AND REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**</u>

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis*, filed on May 31, 2016. Dkt. No. 5 at 1. The Court submits this Order and Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After reviewing Plaintiff Linda Baldwin's Application to Proceed *In Forma Pauperis*, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Baldwin *in forma pauperis* status and **ORDERS** her Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Baldwin is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion,

impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Baldwin's Complaint and is recommending her claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II. SECTION 1915(e) FRIVOLOUSNESS REVIEW

The District Court "shall dismiss" a case brought *in forma pauperis* if it is "frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Frivolousness is defined as "lack[ing] an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). However, a petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the

judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Baldwin alleges that her former employer, Extended Stay America, Co., ("Extended Stay"), violated Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act by discriminating against her on the basis of her race and disabilities. Dkt. No. 1 at 1. She alleges that Extended Stay failed to follow necessary medical restrictions on her movements and failed to file her workers' compensation claim as required. *Id*. Baldwin's allegations are based upon events that occurred in 2004, 2006 and 2007 while she was employed as a laundry attendant by Extended Stay. *Id*. She provides documentation indicating that the injuries, consisting of an injury to her foot and to her hand, arm and elbow arising from "massive folding repetitive motion," caused continued pain and discomfort. *Id*.

This is the fourth complaint Baldwin has filed based on the same alleged injuries. Her three previous claims were all dismissed:

1. On April 18, 2013, Baldwin filed a claim in state court against Zurich Insurance Company *Baldwin v. Zurich Am. Ins. Co.*, 2016 WL 2907939 at *1-2 and 9 (Tex. App. May 10, 2016). She alleged bad faith and sought economic damages after the Texas Department of Insurance, Division of Workers' Compensation (DWC) denied her claims. *Id*. The appeals court decided on May 10, 2016, that, because the statute of limitations had passed, the court did not have subject matter jurisdiction and her claim was therefore dismissed. *Id*.

2. Baldwin filed a claim against Extended Stay on April 8, 2015. *Baldwin v. Extended Stay America/HVM LLC*, No. A-15-CV-0269 RP (W.D.Tex. June 30, 2015). On May 7, 2015, Judge Pitman dismissed the case with prejudice under 28 U.S.C. § 1915(e)(2) because Baldwin's ADA claims were barred by the statute of limitations. *See* Order Adopting Report and Recommendation of May 7, 2015.

       3.       On February 22, 2016, Baldwin filed the same discrimination claim in state court. *Linda Baldwin v. Extended Stay Hotel Co.,/HVM LLC*, No. D-1-GN-16-000753 (W.D.Tex. April 20, 2016). After removal to federal court, the case was voluntarily dismissed on April 20, 2016. *Id.*

As with her second suit, which Judge Pitman dismissed with prejudice on May 7, 2015, Baldwin's allegations here are based upon events that she states occurred in 2004, 2006, and 2007. Attached to Baldwin's Complaint is a Right to Sue letter she received from the EEOC, dated December 3, 2015. This is a new letter, different from the one at issue in her previous case, but is substantially the same: it states that the EEOC has closed its file on her charge because "your charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." Dkt. No. 1-3 at 2.

     As noted in the Court's Report and Recommendation in Baldwin's previous suit, before a party may file a lawsuit against an employer for a violation of the ADA, she must first exhaust administrative remedies. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir.1996). Incorporating the enforcement procedures of Title VII of the Civil Rights Act of 1965, the ADA requires the complainant to file a timely charge of discrimination with the EEOC within 180 days of the date of the alleged discrimination, or in a deferral state within 300 days of the alleged discrimination if she files with the state or local agency with authority to grant relief from the alleged discriminatory conduct (in Texas, the Texas Commission on Human Rights or "TCHR"). 42 U.S.C. § 12117; *Dao*, 96 F.3d at 788–89; *Ikossi–Anastasiou v. Board of Supervisors of La. State Univ.*, 579 F.3d 546, 549 (5th Cir. 2009); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109–10, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). A claim is time-barred if it is not filed within the 180 or 300

day time limits. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 109 (statutory period is mandatory); *Matthews v. City of Houston Fire Dept.*, 609 F.Supp.2d 631, 642 (S.D. Tex. 2009).

Baldwin's ADA claims are barred by the applicable statute of limitations. The events she complains of occurred in 2004, 2006, and 2007. The Right to Sue letter from the EEOC reflects that Baldwin filed her charge outside the limitations period. Generally, the limitation period begins on the date the discriminatory act occurred, and a plaintiff cannot sustain her claim based on incidents that occurred more than 300 days before the filing of a charge of discrimination. *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989). Since the record reflects that Baldwin's claims of discrimination occurred eight or more years prior to her filing her charge with the EEOC, Baldwin's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

### A.     Equitable Tolling

In her present complaint, filed May 20, 2016, Baldwin argues that she should be allowed to proceed with her claims under theories of "equitable tolling" and "continuing violation." Dkt. No. 1 at 1. So as to prevent any misunderstanding on Baldwin's part, the Court will consider her arguments. Baldwin first argues that this Court should equitably toll the statute of limitations. The statute of limitations for filing a charge of employment discrimination may be equitably tolled. *Manning v. Chevron Chem. Co.*, LLC, 332 F.3d 874, 880 (5th Cir. 2003) quoting *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). It is up to the court to evaluate whether such doctrines should be applied but they are to be applied sparingly. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). The Fifth Circuit has developed its own guidelines for equitable tolling. Under them, equitable tolling is appropriate when the employer's affirmative acts mislead the employee and induce him or her not to act within the limitations period. *Ramirez v. City of San*

*Antonio,* 312 F.3d 178, 184 (5th. Cir. 2003), quoting *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 391 (5th Cir. 2002).  The court in *Manning* identified three bases for equitable tolling:

    (1)    the pendency of a suit between the same parties in the wrong forum;

    (2)    the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; or

    (3)    the EEOC's misleading the plaintiff about his rights.

*Manning* at 880, quoting *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988); *see also Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570 (5th Cir. 2013). In regards to the first, although one of Baldwin's previous cases was filed in state court before being removed to federal, that case was voluntarily dismissed by Baldwin.  Even had it not been, that case was filed February 20, 2016, after the EEOC had dismissed her complaint as untimely on December 3, 2015.  Baldwin's complaint was time-barred before she ever filed in state court.  Second, Baldwin makes no allegation that Extended Stay concealed any facts or that she lacked awareness of her claim.  Third, she makes no allegation that the EOCC misled her.  The only communication in the filings between the EOCC and Baldwin is the notice that the EEOC would close its file on the charge for lack of timeliness. Thus, because equitable tolling is appropriate in only three limited circumstances and Plaintiff's case does not meet those circumstances, equitable tolling of the statute of limitations is inapplicable.

    **B.  Continuing Violations**

Baldwin next argues that because she still feels the effects of the injuries she claims to have sustained, the injuries constitute continuing violations. The continuing violations doctrine "allows courts to consider conduct that would ordinarily be time-barred 'as long as the untimely incidents represent an ongoing unlawful employment practice.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536

U.S. 101, 106-07 (2002) (quoting *Morgan v. Nat'l R.R. Passenger Corp.*, 232 F.3d 1008, 1014 (9th Cir. 2000), aff'd in part, rev'd in part sub nom. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). The policy underlying the continuing violations doctrine is to "accommodate plaintiffs who can show that there has been a pattern or policy of discrimination continuing from outside the limitations period in to the statutory limitations period, so that all of the discriminated acts committed as part of this pattern or policy can be considered timely." *Celestine v. Petreleos de Venezuella SA*, 266 f.3d 343, 352 (5th Cir. 2001). The doctrine extends the limitations period on otherwise time-barred claims in cases where the unlawful employment practice occurs over time rather than in a series of discrete acts. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279-80 (5th Cir. 2004). However, one of the related acts must fall within the limitations period. *Leach v. Baylor Coll. Of Med.*, Civ.A. H-07-0921, 2009 WL 385450, at *16 (S.D. Tex. Feb. 17, 2009)..

However, the "continuing violations" doctrine does not apply to ongoing effects. *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980). Even if the effects of the violation do not manifest until later, the statute of limitations begins running when the violations are committed. *Id*. Current effects are not sufficient to "breathe new life into prior, uncharged discrimination." *Tryals v. Altairstrickland, LP,* No. CIV.A. H-08-3653, 2010 WL 743917 at 7* (S.D. Tex. Feb. 26, 2010). The most recent violation alleged by Plaintiff was in 2007 and, as noted, is time-barred. Because none of the violations fall within the statutory time period, the continuing violations doctrine is inapplicable. Although Baldwin presents evidence that the effects of the alleged violations continued through February 26, 2015, effects are not sufficient reason for application of the continuing violations doctrine.

Baldwin's claims are barred by the statute of limitations. The injuries occurred in 2004, 2006 and 2007. Equitable tolling is inapplicable because Baldwin's claim is not affected by her filing in state court, nor are there allegations that Extended Stay concealed any facts, nor that Baldwin lacked awareness of her claims, nor that the EOCC misled Baldwin. The continuing violations doctrine is inapplicable because no violation occurred during the statute of limitations. Since the doctrine of equitable tolling and continuing violations cannot remedy Baldwin's failure to timely file, Baldwin's complaint should be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

### III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing, the Court **HEREBY GRANTS** Baldwin *in forma pauperis* status. The Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** this case with prejudice under 28 U.S.C. § 1915(e)(2).

### IV. WARNINGS

The parties may file objections to this Order and Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the order and proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. §

636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of August, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE